```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

| | |
|---|---|
| **JOHN SEELY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-00188 |
| ) | |
| **BRENT D. ADAMS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION AND ORDER**

On May 27, 2009, *pro se* Plaintiff John Seely ("Plaintiff") filed suit against Brent D. Adams, the Fort Wayne Board of Zoning Appeals, Bryan McMillan, and the United States Department of Housing and Urban Development (collectively, the "Defendants") in the Allen County Circuit Court, seeking injunctive relief from a Board of Zoning Appeals decision to re-zone land owned by Adams. (Docket #1.) The Defendants served the Plaintiff with Interrogatories on July 8, 2009 (Mot. to Compel Pl.'s Resp. to Disc. ¶ 1), and the case was removed from state court on July 10, 2009. (Docket #2.) The Plaintiff now moves for a Protective Order from the Defendants' discovery requests (Docket #16), while the Defendants seek both an Order Denying Plaintiff's Motion and an Order Compelling Discovery. (Docket #20.)

Once a case is removed from state court, the Federal Rules of Civil Procedure ("Federal Rule") apply. Fed. R. Civ. P. 81(c); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07-cv-5953, 2009 WL 2581324, at *3 (7th Cir. Aug. 20, 2009); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 333 (7th Cir. 1995). Before the parties may begin discovery, a Conference must be held pursuant to Federal Rule 26(f) during which the parties develop a proposed discovery plan. "A

party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). *See IRC, LP v. McLean*, No. 09-cv-189, 2009 WL 839043, at *1 (S.D. Ill. Mar. 31, 2009). In the present case, the parties have not yet conducted the required Rule 26(f) Conference and the Court sees no reason to relieve them of their requirement. Accordingly, the Plaintiff's Motion for a Protective Order will be GRANTED until such time as the Rule 26(f) Conference is conducted. Simultaneously, and for the aforementioned reasons, the Defendants' Motion to Deny Plaintiff's Motion for a Protective Order is DENIED.

The Defendants also move for an Order Compelling Discovery. The problem with this motion is two-fold. First, all discovery is subject to the protective order that will remain in place until the Rule 26(f) Conference is conducted. Second, the Defendants' make no showing that they complied with the conference requirement of Fed. R. Civ. P 37(a)(1). Accordingly, this motion must be DENIED.

In conclusion, the Plaintiff's Motion for a Protective Order (Docket #16) will be GRANTED until such time as the Rule 26(f) Conference is conducted. Furthermore, the Defendants' Motion to Deny Plaintiff's Motion for a Protective Order and to Compel Discovery (Docket #20) is DENIED.

SO ORDERED.

Enter for September 8, 2009.

                                                          S/Roger B. Cosbey
                                                          Roger B. Cosbey,
                                                          United States Magistrate Judge