UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN SEELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-cv-188 |
| | ) |
| BRENT D. ADAMS (INDIVIDUAL), | ) |
| BOARD OF ZONING APPEALS OF | ) |
| CITY OF FORT WAYNE, INDIANA, | ) |
| BRYAN MCMILLAN, HEARING | ) |
| OFFICER OF BOARD OF APPEALS, | ) |
| CITI MORTGAGE, DEPARTMENT OF | ) |
| HOUSING AND URBAN DEVELOPMENT | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff John Seely requesting an extension of time under Federal Rule of Civil Procedure Rule 56(f) to conduct discovery before responding to Defendant Department of Housing and Urban Development's ("HUD") motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Docket #25.) For the reasons stated herein, Seely's motion will be GRANTED IN PART and DENIED IN PART.

On May 27, 2009, Seeley filed suit in the Allen County Superior Court against Brent D. Adams, the Fort Wayne Board of Zoning Appeals, Bryan McMillan (a hearing officer for the Board), Citi Mortgage, and HUD. (Docket #1.) Seely requested injunctive relief to prevent the re-zoning of land owned by Adams and asserted various claims for fraud against Defendants.

On July 9, 2009, HUD, an alleged mortgage holder on the subject premises, removed the action to this Court. (Docket #2.)

On September 2, 2009, HUD made a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted (Docket #17), arguing that Seely had no standing to bring suit and that the United States has not waived its sovereign immunity. (Def.'s Mem. in Supp. of Mot. to Dismiss 1.) HUD's motion was supported by the Affidavit of Ralph Jackson (Docket #18-2), a HUD regional director, reciting that HUD is merely a guarantor of a mortgage on the property and has no relationship with Seely. Seely now petitions the Court to grant him an additional sixty days to conduct discovery pursuant to Rule 56(f) so he may adequately respond to the Defendant's motion.

Rule 56(f) provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. Fed. R. Civ. P. 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). "Rule 56(f) is intended as a safeguard against a premature grant of summary judgment . . . ; thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

The Seventh Circuit requires a party seeking the protection of Rule 56(f) to make a good faith showing that he cannot respond to the movant's affidavits. *Kalis v. Colgate-Palmolive* Co., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002). This requires the filing of an affidavit by the non-movant, articulating the reasons why he is unable to submit the necessary material to the court.

2

*Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1. The non-movant must also identify the material facts that he anticipates discovering. *See also Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999); *Neal*, 2002 WL 32144315, at *1. Additionally, a plaintiff must show that he has not been dilatory in pursuing discovery.[1] *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.

In the present case, Seely has made no showing that the unspecified discovery he wishes to conduct (i.e., to obtain some sort of records and to consult with HUD (Seely Mot., Docket #25, ¶6)) would have any effect on HUD's claim that he lacks standing and that the United States has not waived its sovereign immunity. *See Grundstad*, 166 F.3d at 873 (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance). Accordingly, Seely's request for leave to conduct discovery is DENIED.

To the extent that Seely's motion simply asks for additional time to respond to HUD's motion, however, it will be GRANTED. Although HUD did serve Seely with a Notice of Effect of Motion to Dismiss or for Summary Judgment (Docket #19), that notice did not inform him of the deadline for a response. Accordingly, the Court is hereby providing notice to Seely that he has to and including October 21, 2009, to file his response.

---

[1] Relevant factors to consider include "(1) the length of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff." *Neal*, 2002 WL 32144315, at *2 (quoting *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp 332, 344 (N.D. Ill. 1997)).

SO ORDERED.

Enter for September 29, 2009.

                                                           /S/ Roger B. Cosbey
                                                          Roger B. Cosbey,
                                                          United States Magistrate Judge