# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| JOHN SEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09-CV-188 JVB |
| | ) | |
| BRENT D. ADAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**A.     Background**

John Seely, *pro se* Plaintiff, filed a Complaint in the Allen County Superior Court on May 27, 2009, for fraud and he seeks injunctive relief against Defendants Brent D. Adams, the Board of Zoning Appeals of Fort Wayne, Bryan McMillan, Citi Mortgage, and HUD. Defendant HUD removed the case to federal court on July 9, 2009. On August 13, 2009, Defendant Citi Mortgage filed a Motion to Dismiss and on September 2, 2009, Defendant HUD filed a Motion to Dismiss. On January 8, 2010, the Court found that Plaintiff lacked standing to sue, but granted him time to amend his complaint. (DE 35). Plaintiff filed his Amended Complaint on February 1, 2010. Defendant Citi Mortgage subsequently filed a Motion to Dismiss the Amended Complaint on February 3, 2010, and Defendant HUD filed a similar motion on February 8, 2010.

**B.     Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910

F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**C.    Facts**

The Amended Complaint alleges the following facts: Defendant Adams owned a home in Fort Wayne, Indiana. The Board of Zoning Appeals of Fort Wayne determined on March 7,

---

[1]In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

2005, that the property was properly used as a single-family dwelling. That home has been foreclosed upon by Citi Mortgage, and sold at a sheriff sale on May 28, 2009. Plaintiff claims that restrictive covenants were made to protect the property value of his home and that the zoning determination interfered with and damaged those restrictive covenants. Plaintiff maintains that Defendants HUD and Citi Mortgage possess a mortgage interest in this property. Plaintiff alleges fraud and requests that the Court enjoin the Defendants from using the home as a single-family dwelling.

**D.     Analysis**

To have standing to bring suit in federal court, a plaintiff must establish injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). A plaintiff establishes injury in fact by showing that the actions or inactions of the defendant constituted an invasion of one of the plaintiff's legally protected rights. *Id.* This injury must be concrete and particularized, and actual or imminent, and cannot be merely conjectural or hypothetical. *Id.*

While Plaintiff attempted to amend his complaint to cure the deficiencies indicated in the Court's previous order, his purported amended complaint fails to do so. Instead, this amended complaint adds confusion as part of it seems to be an argument rather than a complaint. Furthermore, Plaintiff has failed to allege additional facts to support his position that he has standing to sue Defendants Citi Mortgage and HUD. Therefore, because Plaintiff's amended complaint fails to add value to his case, the Court will strike it from the record.

Accordingly, the case against Citi Mortgage must be dismissed. Plaintiff has not

established that the actions or inactions of Citi Mortgage constituted an invasion of one of his legally protected rights. Merely stating that Citi Mortgage held a mortgage on the property in question is not enough to establish injury in fact, and therefore, the Plaintiff does not have standing to sue Citi Mortgage.

Likewise, the case against HUD must be dismissed. While it may be true that HUD has a mortgage interest in the property, Plaintiff has not shown a causal connection between his alleged injuries and conduct by HUD. Therefore, because Plaintiff has not established in his Complaint that the actions or inactions of HUD were an invasion of one of his legally protected rights, he lacks standing to sue HUD.

With the dismissal of Defendants Citi Mortgage and HUD, diversity of citizenship no longer exists. Title 28 U.S.C. § 1367(c)(3) states, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Accordingly, Plaintiff's claims against the remaining Defendants are remanded to state court.

**E. Conclusion**

For the foregoing reasons, Defendant Citi Mortgage's Motion to Dismiss [DE 37] and Defendant HUD's Motion to Dismiss [DE 39] are GRANTED. Plaintiff's Amended Complaint [DE 36] is STRICKEN, and claims against the remaining Defendants are REMANDED to state court.

SO ORDERED on April 22, 2010.

                                                        s/ Joseph S. Van Bokkelen
                                                       Joseph S. Van Bokkelen
                                                       United States District Judge